UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF ARMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER DALE BRIGGS,<br><br>Defendant. | Case No. 1:21-cr-00147-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is a Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) from Defendant Christopher Dale Briggs. The Government does not oppose the Motion. For the reasons described below, the Court will grant the Motion.

## BACKGROUND

In July 2020, Briggs arranged the sale of approximately 10.5 grams of methamphetamine for $300. He eventually pleaded guilty to Distribution of Methamphetamine. Dkt. 36. In August 2022, he was sentenced to 46 months in prison followed by five years of supervised released. Dkt. 62. His estimated release date is November 8, 2025, though that will likely shorten as he accrues good time credits.

MEMORANDUM DECISION AND ORDER - 1

In early 2021, while the criminal proceedings were underway, Briggs was diagnosed with Parkinson's disease. He was only 42 years old. His symptoms quickly grew more severe, and in February 2023, doctors determined that he had rapidly progressing Parkinson's. He also suffers from co-morbidities including hypertriglyceridemia (a condition that increases risk of pancreatis, stroke, heart attacks, and heart disease), hypertension, chronic migraines, and diverticulitis. *Pl.'s Mot. for Sent. Reduction*, *Ex. A* at 144-45, 240, Dkt. 64.

Managing these conditions would be difficult under ideal conditions but has proved virtually impossible in custody. Briggs struggles with mobility even with a wheelchair. He was hospitalized for diverticulitis in April 2024 and eventually transferred from FCI Sheridan to FMC Rochester so that he could receive better care. Doctors have concluded that his current medication is not working well and have proscribed a different regimen, but it is not available at FMC Rochester. *Ex. A* at 714, *Ex. B* at 1. The Bureau of Prisons (BOP) plans to keep Briggs in the nursing care center for the remainder of his term because he cannot care for himself. After release, Briggs intends to spend his remaining time in an assisted care facility where he can manage his symptoms as well as possible. There is no cure for Parkinson's, and doctors will at best be able to slow his decline.

In December 2023, Briggs asked the BOP to move to reduce his sentence based on his health conditions. *Ex. E*. The BOP denied the request because it

**MEMORANDUM DECISION AND ORDER - 2**

mistakenly believed that he had a state detainer. *Ex. F*. Although Briggs did receive a state prison sentence that would have kept him incarcerated until 2030, he was granted parole in that case in February 2023. *Ex. C*, *Ex. D*. He therefore does not have a state detainer.

Briggs now moves the Court for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) because his rapidly progressing Parkinson's is an extraordinary and compelling reason for reduction. Dkt. 64. The Government agrees that the circumstances warrant relief. Dkt. 66.

## LEGAL STANDARD

Under 18 U.S.C. § 3582(c)(1)(A), the Court may modify a term of imprisonment if (1) the defendant has exhausted administrative remedies; (2) reduction is consistent with the applicable § 3553(a) factors; and (3) extraordinary and compelling reasons warrant reduction. The defendant bears the burden of establishing these requirements by a preponderance of the evidence. *United States v. Sprague*, 135 F.3d 1301, 1306–07 (9th Cir. 1998)

## ANALYSIS

Briggs has shown that, under these sad and rare circumstances, a sentence reduction is appropriate.

First, he has exhausted his administrative remedies by unsuccessfully requesting a sentence reduction from the BOP. When informed about the error

**MEMORANDUM DECISION AND ORDER - 3**

regarding Briggs's state sentence, the BOP did not respond.

Second, reduction is consistent with the applicable factors under § 3553(a). That statute directs the Court to impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). In particular, the Court must consider (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; and (2) the need for the sentence to "reflect the seriousness of the offense," deter criminal conduct, protect the public from the defendant's future crimes, and rehabilitate the defendant. *Id*.

Here, Briggs has already served 26 months for a case involving the distribution of a fairly small amount of methamphetamine. The offense did not involve violence or firearms; and there is no evidence of more extensive drug trafficking. The Government agrees that the sentence completed so far appropriately reflects the seriousness of the offense. As far as danger to the public, Briggs has not received any disciplinary citations in prison, and at this point his health conditions have eliminated the potential for violence and illicit drug use. And the rehabilitative goals of prison are impractical because of his medical needs.

Third, Briggs' rapidly progressing Parkinson's is an extraordinary and compelling reason to reduce his sentence. The Court has broad discretion to recognize circumstances as extraordinary and compelling, provided that the

MEMORANDUM DECISION AND ORDER - 4

reasons are "consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Guidelines recognize that a defendant's medical condition constitutes an extraordinary and compelling reason for release if the (1) the condition is serious; (2) the condition substantially diminishes the ability to provide self-care; and (3) the defendant is not expected to recover. U.S.S.G. § 1B1.13(b)(1)(B).

Rapidly progressing Parkinson's disease meets each of these requirements. Parkinson's is a degenerative neurological disorder that eventually proves fatal in most cases. Briggs's symptoms began at a young age and have worsened far more quickly than usual. Over the last four years, he has lost function on most of the right side of the body and become reliant on a walker and an electric wheelchair to travel. He requires significant help with the activities of daily living, such as grooming and dressing himself. On bad days, he cannot even get out of bed or feed himself. And Briggs will not recover from the disease. There is no cure, and his symptoms have not even been particularly responsive to the medication available to him in custody.

In short, Briggs has demonstrated that a sentence reduction is warranted under 18 U.S.C. § 3582(c)(1)(A). Society will not benefit from his continued incarceration, and there are extraordinary and compelling reasons for his immediate release.

**MEMORANDUM DECISION AND ORDER - 5**

## ORDER

**IT IS ORDERED that:**

1. Defendant Christopher Dale Briggs's unopposed Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) is **GRANTED**.

2. His period of incarceration is reduced to time served pursuant to 18 U.S.C. § 3582(c)(1)(A). The Bureau of Prisons shall release Christopher Dale Briggs as soon as possible.

DATED: November 13, 2024

_____
B. Lynn Winmill
U.S. District Court Judge